**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 95-60777**
_____


**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**LAWYER WHEELER, SR.,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Northern District of Mississippi**
**(94-CR-60-1)**
_____

July 2, 1997

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Primarily at issue is the district court's not submitting the issue of materiality to the jury for charged violations of 18 U.S.C. §§ 1001, 1014, and 152.  We **_AFFIRM_**.

I.

Lawyer Wheeler was convicted by a jury in 1995 on three counts:  knowingly and willfully falsifying, concealing and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

covering up material facts to the Farmers Home Administration, in violation of 18 U.S.C. § 1001; knowingly and fraudulently making a false oath to a bankruptcy court, in violation of 18 U.S.C. § 152; and, knowingly and willfully causing to be made a materially false statement and report to influence the Farmers Home Administration, in violation of 18 U.S.C. §§ 1014 and 2.

The evidence showed that Wheeler had concealed his farming activities, assets, income, and debt payments in bankruptcy proceedings, had made false statements to the FmHA, and, concerning his wife's indebtedness to the FmHA, had caused false statements to be made to the FmHA in order to influence the FmHA to discharge indebtedness; that the trustee in bankruptcy relied on Wheeler's statements "without exception"; that the trustee's actions would have been different but for the misrepresentations; that Wheeler was granted complete discharge and release from his indebtedness on 30 August 1989; and that Wheeler's release from indebtedness by the FmHA was because the FmHA was under the impression that "[n]o assets remain[ed] from which the FmHA could expect to collect payment".

Following his conviction, Wheeler was sentenced, *inter alia*, to 34 months imprisonment on each of the three counts, to be served concurrently, and ordered to make restitution to the FmHA in the approximate amount of $1 million and to the Bank of Webb,

Mississippi, in the approximate amount of $148,000.  His sentence was stayed pending this appeal.

## II.

Wheeler properly raises four issues:  (1) that the issue of materiality should have been submitted to the jury; (2) that the district court erred in altering or broadening the indictment by allowing conviction for conduct only partially, instead of solely, intended to defraud the FmHA; (3) that the evidence was insufficient to prove that Wheeler's wife, Ruby Wheeler, had committed a criminal offense to support Wheeler's 18 U.S.C. § 2 conviction; and (4) that the order of restitution to the Bank of Webb was impermissible.

In addition, Wheeler raises for the first time in his reply brief the contention that the amount of restitution to the FmHA (approximately $1 million) was excessive.  Pursuant to our usual rule, we decline to review this untimely issue; among other things, the Government did not have an opportunity, pursuant to the required briefing schedule, to respond.  And, there is no manifest injustice. ***Kansa Reinsurance Co., Ltd. v. Cong. Mortgage Corp. of Tx.***, 20 F.3d 1362, 1370 n.8 (5th Cir. 1994) (refusing to review issue raised in reply brief absent "manifest injustice").

## A.

Wheeler contends that, for each of the three counts, the failure to submit to the jury the issue of the materiality of his

misstatements violates *United States v. Gaudin*, 115 S. Ct. 2310 (1995) (materiality a jury question for 18 U.S.C. § 1001 violation).

1.

First, as held last February, materiality is not an element of the § 1014 violation at issue in count three. *United States v. Wells*, 117 S. Ct. 921, 926-27 (1997). In *Wells*, however, the Court remanded for consideration whether, despite the superfluity of the trial judge's finding of materiality, his statement to the jury that

> [t]he materiality of the statement ... alleged
> to be false ... is not a matter with which you
> are concerned and should not be considered by
> you in determining the guilt or innocence of
> the defendant,

impermissibly adversely affected the jury's "falsity" and "purpose" findings. *Wells*, 117 S. Ct. at 931. In the case at hand, the district court gave a somewhat similar instruction:

> [Despite count three charging a materially
> false statement] you need not consider whether
> any false statement was a material false
> statement.

*Wells* was decided after the briefing in this case. (Wheeler raised this point for the first time at oral argument.) Nevertheless, Wheeler had no reason to believe that the trial court's explanation of materiality to the jury, regardless of that element's inclusion in § 1014, would not adversely affect the jury. Accordingly, he had no reason not to object to the instruction at

trial and to brief the point on appeal.  Because the issue was not briefed on appeal, we will not address it.  FED. R. APP. P. 28(a)(6); *Trust Co. of La. v. N.N.P., Inc.*, 104 F.3d 1478, 1485 (5th Cir. 1997).

2.

With respect to counts one and two, Wheeler did not object at trial to the court's failure to submit the materiality issue to the jury.  Therefore, we review only for plain error:  Wheeler must show error; that is plain; and that affects substantial rights; and, even then, we will correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings.  *United States v. Olano*, 507 U.S. 725, 730-31 (1993).  Moreover, as the Supreme Court held recently in *United States v. Johnson*, 117 S. Ct. 1544 (1997)*,* and as this court had held earlier in *United States v. Jobe*, 101 F.3d 1046 (5th Cir. 1996), we will review for plain error a point, not erroneous at the time of trial, if there is an intervening change in the law while appeal is pending.  Pursuant to *Gaudin*, as discussed *supra*, there was error as to the § 1001 charge in not submitting materiality to the jury, and this error is now "clear" or "obvious".  As to the other count, in that 18 U.S.C. § 152(2) involves "knowingly and fraudulently mak[ing] a false oath or account in or in relation to any case under title 11", we will assume for purposes of this opinion that, for conviction, the oath or account must be "material" and that,

therefore, for purposes of the § 152 charge, there was also "error" that is "clear" or "obvious".

However, the error did not affect Wheeler's substantial rights; the outcome of the trial would have been the same had materiality been submitted to the jury. There was substantial evidence of materiality, including testimony that the Wheelers' debt was released as a result of the misstatements that they had no assets, income, or recent debt payments and that Wheeler intended this as the result of his misstatements.

### B.

The indictment charged in count one that, in violation of § 1001, Wheeler used a scheme of material facts to mislead the FmHA into releasing his debt. Over Wheeler's objections, proof was admitted concerning other debts and the jury was charged that Wheeler was in violation of § 1001 if his "intent [was] in whole or in part to defraud the FmHA". Wheeler contends that such evidence and the jury charge impermissibly altered and broadened the indictment by allowing a conviction for fraud against other victims. We disagree.

The indictment charged that Wheeler intended to defraud the FmHA, and the jury was required to find that Wheeler had intended to do so. If, in addition, it found that Wheeler *also* intended to defraud others, this does not undermine the fact that Wheeler intended the FmHA to be one of his victims, nor does it alter the

- 6 -

indictment -- it charged that the intent was to defraud the FmHA, *not* that the *sole* intent was to defraud the FmHA.

## C.

Count three charged Wheeler with *making, and causing to be made*,

> a materially false statement and report for the purpose of influencing the actions of the [FmHA] on an application for settlement of indebtedness of Ruby S. Wheeler ... in violation of Sections 2 and 1014, Title 18.

Wheeler contends, erroneously, that he was charged with a § 2(b) violation only, and that such a violation requires that the jury find that Ruby Wheeler had committed a criminal offense.

There is some support for the proposition that a § 2 "aiding and abetting" violation requires proof of the guilt of the person aided; but, as here, under the "*causing*" prong of § 2, "there is no requirement of shared intent; only the person charged need have the criminal intent, [and] the individual whom the defendant has caused to perform the act may be entirely innocent". *United States v. Levy*, 969 F.2d 136, 141 (5th Cir.), *cert. denied*, 506 U.S. 1040 (1992); *but see **United States v. Beuttenmuller***, 29 F.3d 973 (5th Cir. 1994)("aiding and abetting" requires proof of underlying crime, the commission of which was aided or perpetrator of which was abetted).

In any event, Wheeler was charged under § 2 *and* § 1014 with "causing" the misstatements on Ruby Wheeler's application (placing

the information on the document and delivering it to the FmHA), not aiding and abetting *her* commission of a crime. Therefore, no proof of her wrongdoing was necessary.

## D.

Wheeler's contention that the order of restitution to the defrauded Bank of Webb was impermissible because the indictment did not charge fraud on that Bank likewise fails. Under the Victim and Witness Protection Act, "[t]he court ... may order ... that the defendant make restitution to *any* victim of the offense". 18 U.S.C. § 3663 (emphasis added). Moreover, a district court may award restitution under the Act "for the loss caused by the specific conduct that is the basis of the offense of conviction". *Hughey v. United States*, 495 U.S. 411, 412 (1990). But, neither the statute, nor *Hughey,* limits restitution to victims listed in the indictment, so long as the additional victims were harmed as a result of the charged conduct. *See also United States v. Pepper*, 51 F.3d 469, 473 (5th Cir. 1995).

There is little doubt that Wheeler's false declaration in bankruptcy court caused the Bank harm. His debt to the Bank was discharged as a direct result of the bankruptcy proceedings, which were classified "no asset" proceedings as a result of Wheeler's misstatements.

## III.

For the foregoing reasons, the judgment is

*AFFIRMED.*